In the Matter of Disciplinary Proceedings Against
James T. Winch, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

James T. Winch, Respondent.

Supreme Court

*No. 2006AP3115–D. Decided April 19, 2007.*

2007 WI 41

(Also reported in 730 N.W.2d 154.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney James T. Winch and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12[1] concerning Attorney Winch's professional misconduct relating to use of his trust account and his failure to cooperate in the OLR's investigation. The parties stipulated that the

---

[1] SCR 22.12 states: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

appropriate discipline to impose is the suspension of Attorney Winch's license to practice law in Wisconsin for one year.

¶ 2. We approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that the seriousness of Attorney Winch's misconduct warrants the suspension of his license to practice law, and we accept the parties' stipulation that a one-year suspension is appropriate discipline.

¶ 3. Attorney Winch was admitted to practice law in Wisconsin in 1981 and practices in Mazomanie.

¶ 4. On December 18, 2006, the OLR filed a complaint against Attorney Winch. The first five trust account violations alleged in the complaint involved Attorney Winch's representation of J.S. in a divorce, an eviction, and a sale of a farm. Attorney Winch stipulated to the following counts of misconduct with respect to his representation of J.S.:

COUNT ONE: By converting at least $6,524.40 that he was holding in trust for [J.S.] to his own purposes, Winch engaged in conduct involving dishonesty, in violation of SCR 20:8.4(c).[2]

COUNT TWO: By failing for years to hold funds belonging to [J.S.] in trust, at one point being at least $12,719.58 out of trust, Winch failed to hold in trust, separate from his own property, that property of clients and third persons that was in his possession in connection with a representation or when acting in a fiduciary capacity, in violation of former SCR 20:1.15(a) [effective

---

[2] SCR 20:8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

through June 30, 2004] and current SCR 20:1.15(b)(1) [effective July 1, 2004].[3]

COUNT THREE: By depositing a $20,000.00 check to his trust account in January 2005, which constituted the proceeds of a personal real estate transaction, and by depositing $6,000.18 in earned fees to the trust account in July of 2005, Winch deposited or retained funds belonging to the lawyer in his trust account, in violation of SCR 20:1.15(b)(3).[4]

COUNT FOUR: By disbursing at least $6,195.18 to himself from his trust account between January of 1996 and February of 2005 to pay [J.S.]'s legal fees, without [J.S.]'s authorization, Winch violated a standard for withdrawing fees from a trust account, which had been established by the Wisconsin Supreme Court in *Matter of Disciplinary Proceeding against Marine,* 82 Wis. 2d 602, 264 N.W.2d 285 (1978), in violation of SCR 20:8.4(f).[5]

COUNT FIVE: By disbursing $1,550 to himself from his trust account between July 1, 2004 and February of 2005 to pay [J.S.]'s legal fees, without providing written

---

[3] SCR 20:1.15(b)(1) states: Segregation of trust property.

(1) Separate account. A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[4] SCR 20:1.15(b)(3) states: Segregation of trust property.

(3) Lawyer funds. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account.

[5] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

notice to [J.S.], Winch withdrew fees from a trust account without providing written notice to the client at least five business days prior to the withdrawal, in violation of SCR 20:1.15(g)(1) [effective July 1, 2004].[6]

¶ 5. The other four counts of trust account violations alleged in the OLR's complaint involved Attorney Winch depositing a $375 check from a client named J.P. into his trust account on August 3, 2005. On August 19, 2005, Attorney Winch issued a trust account check in connection with his representation of J.P. payable to a title company in the amount of $290. The OLR received notice that this check resulted in a $263.78 overdraft in Attorney Winch's trust account.

¶ 6. The OLR audited Attorney Winch's trust account records and found that the overdraft was attributable to multiple disbursements Attorney Winch made between January 31, 2005, and August 18, 2005, that exceeded the balance Attorney Winch actually held in trust in connection with 13 client matters. Personal funds that Attorney Winch commingled in his trust account after he sold his office building in January 2005 masked these over-disbursements.

---

[6] SCR 20:1.15(g)(1) states: Withdrawal of fees from trust account.

(1) Notice to client. At least 5 business days before the date on which a disbursement is made from a trust account for the purpose of paying fees, with the exception of contingent fees, the lawyer shall deliver to the client in writing all of the following:

a. an itemized bill or other accounting showing the services rendered;

b. notice of the amount owed and the anticipated date of the withdrawal; and

c. a statement of the balance of the client's funds in the lawyer trust account after the withdrawal.

159

¶ 7. By mid-August 2005, Attorney Winch had disbursed to himself the remaining funds from the sale of his office building. The shortfall caused by the multiple over-disbursements resulted in his conversion of at least $1985.58 belonging to 15 clients. Attorney Winch told the OLR that the August 19, 2005 overdraft resulted from his disbursement of trust account funds prior to making a trust account deposit. He later advised the OLR that the overdraft was also due to his disbursing checks without noting them in the ledger sheets for his clients; his failure to maintain a running balance in his transaction register; and his failure to reconcile the account.

¶ 8. The OLR's complaint alleged, and Attorney Winch stipulated, to the following counts of misconduct:

> COUNT SIX: By failing to hold in trust at least $1,985.58 belonging to thirteen clients other than [J.S.], Winch failed to hold in trust, separate from his own property, that property of clients and third persons that was in his possession in connection with a representation or when acting in a fiduciary capacity, in violation of former SCR 20:1.15(a) [effective through June 30, 2004] and current SCR 20:1.15(b)(1) [effective July 1, 2004].

> COUNT SEVEN: By failing to maintain a running balance in his trust account's transaction register, Winch failed to maintain a transaction register that included the balance in the account after each transaction, in violation of SCR 20:1.15(f)(1)a.[7]

> COUNT EIGHT: By failing to record disbursements in the appropriate client ledgers, Winch failed to record

---

[7] SCR 20:1.15(f)(1) provides the record-keeping requirements for trust accounts. In relevant part:

each disbursement of client funds in a subsidiary ledger for that client, in violation of SCR 20:1.15(f)(1)b.[8]

COUNT NINE: By failing to reconcile his trust account, Winch failed to prepare reconciliation reports "not less frequently than every 30 days," in violation of SCR 20:1.15(f)(1)g.[9]

---

a. Transaction register. The transaction register shall contain a chronological record of all account transactions, and shall include all of the following:

1. the date, source, and amount of all deposits;

2. the date, check or transaction number, payee and amount of all disbursements, whether by check, wire transfer, or other means;

3. the date and amount of every other deposit or deduction of whatever nature;

4. the identity of the client for whom funds were deposited or disbursed; and

5. the balance in the account after each transaction.

[8] SCR 20:1.15(f)(1) provides the record-keeping requirements for trust accounts. In relevant part:

b. Individual client ledgers. A subsidiary ledger shall be maintained for each client or matter for which the lawyer receives trust funds, and the lawyer shall record each receipt and disbursement of that client's funds and the balance following each transaction. A lawyer shall not disburse funds from the trust account that would create a negative balance with respect to any individual client or matter.

[9] SCR 20:1.15(f)(1) provides the record-keeping requirements for trust accounts. In relevant part:

g. Reconciliation reports. For each trust account, the lawyer shall prepare and retain a printed reconciliation report on a regular and periodic basis not less frequently than every 30 days. Each reconciliation report shall show all of the following balances and verify that they are identical:

161

¶ 9. The final misconduct alleged in the OLR's complaint arose out of Attorney Winch's failure to respond for over seven months to the OLR's repeated requests for information relating to the conversions from his trust account. The complaint alleged, and Attorney Winch stipulated, that he willfully failed to provide relevant information, fully answer questions, and furnish documents requested by the OLR, in violation of SCR 20:8.4(f) as it related to the requirements of SCR 22.03(6).[10]

¶ 10. The stipulation notes that Attorney Winch was privately reprimanded in 1992 for threatening criminal prosecution. Attorney Winch states that he fully understands the misconduct allegations, the ramifications if this court should impose the stipulated level of discipline, his right to contest the matter and his right to consult with counsel. He further avers that his entry into the stipulation was made knowingly and

(1) the balance that appears in the transaction register as of the reporting date;

(2) the total of all subsidiary ledger balances for IOLTA accounts and other pooled accounts, determined by listing and totaling the balances in the individual client ledgers and the ledger for account fees and charges, as of the reporting date; and

(3) the adjusted balance, determined by adding outstanding deposits and other credits to the balance in the financial institution's monthly statement and subtracting outstanding checks and other deductions from the balance in the monthly statement.

[10] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

162

voluntarily and represents his admission of all misconduct and his assent to the level and type of discipline sought by the OLR director. The stipulation also notes that Attorney Winch has suffered from a number of serious personal problems; that he withdrew from the representation of a number of clients and shifted his practice to routine traffic cases, wills, deeds, and similar legal matters to enable him to deal better with the problems in his personal life. The stipulation states that Attorney Winch agrees to the one-year suspension of his license sought by the OLR director.

¶ 11. We adopt the findings of fact and conclusions of law to which the parties have stipulated concerning Attorney Winch's professional misconduct. We determine that the seriousness of the misconduct warrants the suspension of Attorney Winch's license to practice law for one year. We note that the OLR is not seeking an assessment of costs given that Attorney Winch fully cooperated with the OLR's litigation process and entered into a comprehensive stipulation before a referee was appointed.

¶ 12. IT IS ORDERED that the license of James T. Winch to practice law in Wisconsin is suspended for a period of one year, effective May 31, 2007.

¶ 13. IT IS FURTHER ORDERED that Attorney James T. Winch comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.